## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ASHLEY N. WILLIAMS,

     Plaintiff,

V.                              CASE NO.:

EZFILL HOLDINGS, INC.,

     Defendant,

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ASHLEY N. WILLIAMS, (hereinafter "Ms. Williams" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and Demand for Jury Trial against defendant, EZFILL HOLDINGS, INC., (hereinafter "EZFILL" or Defendant") and states the following:

## INTRODUCTION

1.    The Plaintiff brings this action against Defendant, her former employer, seeking to recover damages for unlawful discrimination based on sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and its

implementing Regulations; and Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA").

2.      As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against her, altered the terms, conditions, and privileges of her employment because of her gender, sexual orientation, and retaliated against her in violation of her rights under Title VII and the FCRA.

3.      As a direct and proximate result of unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, she has suffered and continues to suffer loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4.      Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a) and the principles of pendent jurisdiction.

6.     This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.     Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Hillsborough County, Florida.

## PARTIES

8.     The Plaintiff is ASHLEY N. WILLIAMS, a thirty-eight-year-old lesbian who resides in Hillsborough County, Florida.

9.     Plaintiff is a member of a class protected against discrimination based on her gender and sexual orientation by Title VII and the FCRA.

10.    During the period from June 5, 2022, until August 15, 2022, Defendant employed Plaintiff.

11.    At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

12.    The Defendant is EZFILL HOLDINGS, INC., a Foreign Profit Corporation with a principal address located at 2999 NE 191st Street, Suite 500, Aventura, Florida 33180.

13.    At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Hillsborough County, Florida from their location at 2701 East Louisiana Avenue, Tampa, Florida 33610.

14.    At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, Title VII and the FCRA.

15.    Accordingly, Defendant is liable under Title VII and the FCRA for the unlawful discrimination and retaliation to which it subjected Plaintiff as more fully alleged herein.

## **ADMINISTRATIVE PREREQUISITES**

16.    Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

17.    On September 6, 2022, Plaintiff timely filed a dual Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, gender discrimination based on her sexual orientation and retaliation. A true and accurate copy of Plaintiff's Charge of Discrimination, dated September 6, 2022, is attached hereto, and incorporated herein as **Exhibit "A."**

18.    On November 2, 2022, the EEOC issued Plaintiff a Notice of Right to Sue in reference to her Charge of Discrimination (EEOC Charge No. 511-2022-02959) against Defendant. A true and accurate copy of the EEOC's Notice of Right to Sue, dated November 2, 2022, is attached hereto, and incorporated herein as **Exhibit "B."**

19.    This action is filed within ninety (90) days of Plaintiff's receipt of her Notice of Right to Sue, dated November 2, 2022, from the EEOC in reference to EEOC Charge No. 511-2021-00361.

20.    Further, more than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore,

Plaintiff is also entitled to bring her FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

21.    All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

22.    On June 5, 2022, EzFill hired Ms. Williams as a Logistics Driver out of their Tampa, Florida office. As a Logistics Driver, Ms. Williams was responsible for driving a company owned commercial vehicle with various grades of fuel; directly pumping fuel from tanker to customer vehicle; ensuring safety and best practices are followed at all times; maintaining constant communication with logistics and managers; following all route guidance; completing safety inspections prior to deliveries; correctly updating information regarding fuel dispensed into the custom APP in a timely manner; complying with all state and local DOT laws; and filling tankers as needed with fuel for deliveries.

23.    During her employment, Ms. Williams reported to her Terminal Manager Ali Peterson-Adams.

24.     From the very start of her employment, Mr. Adams began to subject Ms. Williams to various harassment based on her gender and sexual orientation.

25.     On just her third day of training, Ms. Williams asked Mr. Adams if she could connect her phone to the Bluetooth speaker, Mr. Adams declined her request stating, "he was the boss and besides girls don't listen to good music."

26.     Following her training, Mr. Adams frequently showed up to Ms. Williams remote work sites and would ask her questions like, "what's up with your girlfriend," "when is your girlfriend going to cook for him," or "when is your girlfriend going to bake me a cake?"

27.     Ms. Williams asked her male coworkers if Mr. Adams every asked them these types of questions and she received a resounding "no" as the response.

28.     Following her conversation with her male coworkers regarding Mr. Adams' comments, Ms. Williams told Mr. Adams that she was not comfortable being asked questions about her girlfriend, or even talking about her girlfriend, in the work setting. Despite expressing her discomfort, Mr. Adams' behavior did not change. In fact, Mr. Adams told Ms. Williams,

in a very threatening manner, that he would just come to her house and have her girlfriend make him a red velvet cake.

29.     On or about July 21, 2022, after being unable to address her concerns with Mr. Adams directly, Ms. Williams elevated her complaint to her Sales Director, Valerie Skunk. Ms. Skunk responded to Ms. Williams complaints regarding Mr. Adams' discriminatory comments by saying, "boys will be boys."

30.     Following her complaint to Ms. Skunk, Mr. Adams called Ms. Williams and asked, "Hey, where you at I'm about to pull up to your apartment, tell your girl have thar red velvet cake for me."

31.     Unsatisfied with Ms. Skunks response to her discrimination complaint and feeling violated, disgusted, humiliated, and defeated amongst other things following Mr. Adams latest phone call, Ms. Williams sought out Human Resources Director, Michael Franks, to complain about Mr. Adams' hostile, misogynistic and discriminatory behavior. Unfortunately, rather than investigating Ms. Williams' discrimination complaints, Mr. Franks made the decision to terminate Ms. Williams' employment claiming that she had abandoned her vehicle by not informing

Mr. Adams of her whereabouts during her shift when she left to get breakfast.

## COUNT I
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### Gender Discrimination

32.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33.    Plaintiff, a thirty-eight-year-old lesbian is a member of a protected class by way of her gender.

34.    At all times material herein, Plaintiff was employed by Defendant and Defendant was an "employer" within the meaning of Title VII.

35.    Moreover, Defendant is a "person" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a). Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) in that, the definition "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or

receivers." 42 U.S.C. § 2000e(a).

36.    At all times material herein, Defendant employed Plaintiff.

37.    At all times material herein, Plaintiff's supervisor Mr. Adams harassed and discriminated against Plaintiff because of her gender.

38.    Defendant, as Plaintiff's employer, was obligated to guard against the discrimination of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from discrimination in the workplace.

39.    However, Plaintiff, was subjected to a hostile work environment because of her gender through disparate treatment, pretextual admonishment, demeaning comments and behavior, and other discriminatory treatment by Defendant and its employees, supervisors, managers, and other agents, including but not limited to Mr. Adams, as more particularly alleged hereinabove.

40.    The harassment and disparate treatment of Plaintiff by Defendant and its employees, supervisors, managers, and other agents was so frequent and severe that it created a hostile work environment for Plaintiff.

41.    Mr. Adams' offensive acts and statements, more particularly

described herein above, were so severe and pervasive that they materially altered the terms and conditions of Plaintiff's employment.

42.     Plaintiff believed that Mr. Adams' offensive acts and statements materially altered the terms and conditions of her employment. Further, a reasonable person would have found that Mr. Adams offensive acts and statements materially altered the terms and conditions of Plaintiff's employment.

43.     Plaintiff did not welcome the offensive statements, acts, harassment, disparate treatment and did not directly or indirectly invite or solicit them by her own acts or statements.

44.     At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about Mr. Adams' harassment of Plaintiff, but did not take prompt remedial action to eliminate the hostile work environment.

45.     Defendant violated Title VII by subjecting Plaintiff to discrimination because of her gender by failing to promptly correct Mr. Adams' harassment once it learned of it.

46.     As more particularly alleged hereinabove, Defendant's managers and Human Resources personnel, who supervised and managed

both Plaintiff and Mr. Adams were informed of Mr. Adams' harassment by Plaintiff.

47.    While Plaintiff expressed concerns regarding the discriminatory treatment she had been receiving while employed with Defendant, her concerns were not investigated, and the discriminatory behavior of Mr. Adams toward Plaintiff continued.

48.    Further, Defendant failed to prevent and promptly correct this illegal workplace harassment. Defendant's supervisors, managers, and Human Resources personnel who learned about the objectionable workplace conduct and harassment of Plaintiff by Mr. Adams failed to promptly take steps to correct the conduct of Mr. Adams who, like Plaintiff, was under their supervision, management, and control.

49.    Plaintiff, by being subjected to this harassment, discrimination, disparate treatment, and hostile work environment created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

50.    As more particularly alleged hereinabove, instead of correcting the discriminatory behavior, Defendant terminated Plaintiff's employment on August 15, 2022.

51.     The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, discrimination, and disparate treatment of Plaintiff, deprived her of statutory rights under Title VII.

52.     Defendant's actions constitute discrimination in violation of Title VII.

53.     As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to her family and relationships, and other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, ASHLEY N. WILLIAMS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, EZFILL HOLDINGS, INC., and in favor of Plaintiff, and

respectfully requests that this Court grant the following relief:

     A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, discriminating against Plaintiff based on her gender;

     B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the discrimination to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the hostile work environment and discrimination she has endured;

     C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's discriminatory conduct and actions pursuant to Title VII;

     D.    Award Plaintiff any and all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title

VII, according to proof;

E.      Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.      Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.      Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT II
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### Sexual Orientation Discrimination

54.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 31 of this Complaint as though fully set forth herein.

55.     Plaintiff, a thirty-eight-year-old lesbian is a member of a protected class by way of her sexual orientation.

56.     At all times material herein, Plaintiff was employed by Defendant and Defendant was an "employer" within the meaning of Title VII.

57.     Moreover, Defendant is a "person" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a). Defendant is a "person"

within the meaning of 42 U.S.C. § 2000e(a) in that, the definition "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

58.    At all times material herein, Defendant employed Plaintiff.

59.    At all times material herein, Plaintiff's supervisor Mr. Adams harassed and discriminated against Plaintiff because of her sexual orientation.

60.    Defendant, as Plaintiff's employer, was obligated to guard against the discrimination of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from harassment in the workplace.

61.    However, Plaintiff, was subjected to a hostile work environment because of her sexual orientation through disparate treatment, pretextual admonishment, demeaning comments and behavior, and other discriminatory treatment by Defendant and its employees, supervisors, managers, and other agents, including but not limited to Mr. Adams, as

more particularly alleged hereinabove.

62.     The harassment and disparate treatment of Plaintiff by Defendant and its employees, supervisors, managers, and other agents was so frequent and severe that it created a hostile work environment for Plaintiff.

63.     Mr. Adams' offensive acts and statements, more particularly described herein above, were so severe and pervasive that they materially altered the terms and conditions of Plaintiff's employment.

64.     Plaintiff believed that Mr. Adams' offensive acts and statements materially altered the terms and conditions of her employment. Further, a reasonable person would have found that Mr. Adams' offensive acts and statements materially altered the terms and conditions of Plaintiff's employment.

65.     Plaintiff did not welcome the offensive statements, acts, harassment, disparate treatment and did not directly or indirectly invite or solicit them by her own acts or statements.

66.     At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about Mr. Adams' harassment of Plaintiff, but did not take prompt remedial action to eliminate the hostile

work environment.

67.    Defendant violated Title VII by subjecting Plaintiff to harassment because of her sexual orientation by failing to promptly correct Mr. Adams' harassment once it learned of it.

68.    As more particularly alleged hereinabove, Defendant's managers and Human Resources personnel, who supervised and managed both Plaintiff and Mr. Adams were informed of Mr. Adams' harassment by Plaintiff.

69.    While Plaintiff expressed concerns regarding the discriminatory treatment she had been receiving while employed with Defendant, her concerns were not investigated, and the discriminatory behavior of Mr. Adams toward Plaintiff continued.

70.    Further, Defendant failed to prevent and promptly correct this illegal workplace discrimination. Defendant's supervisors, managers, and Human Resources personnel who learned about the objectionable workplace conduct and harassment of Plaintiff by Mr. Adams failed to promptly take steps to correct the conduct of Mr. Adams who, like Plaintiff, was under their supervision, management, and control.

71.    Plaintiff, by being subjected to this harassment, discrimination,

disparate treatment, and hostile work environment created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

72.    As more particularly alleged hereinabove, instead of correcting the discriminatory behavior, Defendant terminated Plaintiff's employment on August 15, 2022.

73.    The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, discrimination, and disparate treatment of Plaintiff, deprived her of statutory rights under Title VII.

74.    Defendant's actions constitute discrimination and retaliation in violation of Title VII.

75.    As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish,

emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to her family and relationships, and other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, ASHLEY N. WILLIAMS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, EZFILL HOLDINGS, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, discriminating against Plaintiff based on her sexual orientation;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the discrimination to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the hostile work environment and discrimination she has endured;

C.    Award compensatory damages to Plaintiff in an amount

that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's discriminatory conduct and actions pursuant to Title VII;

D.    Award Plaintiff any and all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.    Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT III
### RETALIATION FOR ENGAGEMENT IN A PROTECTED ACTIVITY IN VIOLATION TITLE VII OF THE CIVIL RIGHTS ACT

76.    Plaintiff re-alleges and re-adopts paragraphs 1 through 31 of this Complaint as if fully set forth herein.

77.    Ms. Williams brings an action Title VII of The Civil Rights Act for Defendant's unlawful retaliation against her for engaging in a protected

activity. Ms. Williams engaged in a protected activity when she reported Mr. Adams' discrimination to Human Resources and various managers within Defendant.

78.    On August 15, 2022, Defendant terminated Plaintiff because she engaged in multiple protected activities under Title VII of The Civil Rights Act.

79.    Defendant's conduct constitutes retaliation against Plaintiff because she engaged in a protected activity and is therefore a clear violation of Title VII of The Civil Rights Act.

80.    Defendant's retaliation was knowing and intentional.

81.    As a direct, proximate and foreseeable result of the Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past and are permanent and continuing.

**WHEREFORE**, Plaintiff, ASHLEY N. WILLIAMS, demands entry of a Final Judgment against Defendant, EZFILL HOLDINGS, INC., for the following:

      A.    An award of Back Pay damages;

      B.    An award of Front Pay damages;

      C.    Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

      D.    Prejudgment interest;

      E.    Reasonable attorney's fees and costs; and

      F.    All such other relief as the Court deems just, equitable and appropriate.

<u>**COUNT IV**</u>
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT,**
**FLORIDA STATUTES §§ 760.01-11**
**Gender Discrimination**

82.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 31 of this Complaint as though fully set forth herein.

83.     Plaintiff, a thirty-eight-year-old lesbian, is a member of a protected class under the FCRA, §§ 760.01-760.11, Florida Statutes, by way of her gender.

84.     At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

85.     Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

86.     The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful harassment and discrimination based on her gender.

87.     As her employer, Defendant was obligated to guard against the harassment, disparate treatment, and discrimination of Plaintiff by her co-

workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from harassment and discrimination in the workplace.

88. Defendant violated the FCRA by, among other things, failing to promptly correct the Mr. Adams' harassment, disparate treatment, and discriminatory conduct toward Plaintiff once it learned of it and by subjecting Plaintiff to harassment, disparate treatment, and a hostile work environment because of her gender.

89. Plaintiff, by being subjected to this harassment, disparate treatment, discrimination, and a hostile work environment created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

90. The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, disparate treatment, and discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

91. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and

future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, ASHLEY N. WILLIAMS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, EZFILL HOLDINGS, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her gender;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.     Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.     Award Plaintiff any and all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.     Award Plaintiff pre- and post-judgment interest;

F.     Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT V
### VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
### FLORIDA STATUTES §§ 760.01-11
### Sexual Orientation Discrimination

92.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 31 of this Complaint as though fully set forth herein.

93.     Plaintiff, a thirty-eight-year-old lesbian, is a member of a protected class under the FCRA, §§ 760.01-760.11, Florida Statutes, by way of her sexual orientation.

94.     At all times material herein, Plaintiff was employed by Defendant and Defendant was and is an "employer" within the meaning of the FCRA.

95.     Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

96.     The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful harassment and discrimination based on her sexual orientation and created a hostile work environment.

97.     As her employer, Defendant was obligated to guard against the harassment, disparate treatment, and discrimination of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from harassment and discrimination in the workplace.

98.     Defendant violated the FCRA by, among other things, failing to promptly correct the Mr. Adams' harassment, disparate treatment, and discriminatory conduct toward Plaintiff once it learned of it and by subjecting Plaintiff to harassment, disparate treatment, and a hostile work environment because of her sexual orientation.

99.     Plaintiff, by being subjected to this harassment, disparate treatment, discrimination, and a hostile work environment created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

100.  The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, disparate treatment, and discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

101.  As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, ASHLEY N. WILLIAMS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, EZFILL HOLDINGS, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her sexual orientation;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.    Award Plaintiff any and all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.      Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.      Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT VI
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
## FLORIDA STATUTES §§ 760.01-11
## Retaliation

102.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 31 of this Complaint as though fully set forth herein.

103.    Plaintiff, a thirty-eight-year-old lesbian, is a member of a protected class under the FCRA, §§ 760.01-760.11, Florida Statutes, by way of her gender and sexual orientation.

104.    At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

105.    Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership,

receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

106.   At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

107.   Defendant subjected Plaintiff to adverse employment actions in retaliation for her complaints of discrimination by terminating her employment.

108.   The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation.

109.   As her employer, Defendant was obligated to guard against the harassment, disparate treatment, discrimination, and retaliation of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from harassment and discrimination in the workplace.

110.   Defendant violated the FCRA by, among other things, failing to promptly correct the harassment, disparate treatment, discriminatory and retaliatory conduct toward Plaintiff once it learned of it.

111.   Plaintiff, by being subjected to this harassment, disparate treatment, discrimination, retaliation, and a hostile work environment created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

112.   The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, disparate treatment, discrimination, and retaliation of Plaintiff, deprived her of statutory rights under the FCRA.

113.   As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, ASHLEY N. WILLIAMS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, EZFILL HOLDINGS, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.     Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff based on her demands for assistance enforcing her reasonable accommodation by reducing her work hours, transferring her to numerous locations and terminating her employment;

B.     Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's retaliation against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.     Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by

Defendant's retaliatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.     Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.     Award Plaintiff pre- and post-judgment interest;

F.     Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 31st day of January 2022.

*/s/ Jason W. Imler, Esq*

Jason W. Imler

Florida Bar No. 1004422

**Imler Law**

23110 State Road 54, Unit 407

Lutz, Florida 33549

(P): 813-553-7709

Jason@ImlerLaw.com
